# THE CITY OF CHICAGO

## v.

## MICHAEL KEEFE, Admr.

*Filed at Ottawa May 15, 1885—Rehearing denied September Term, 1885.*

1. CITIES AND VILLAGES—*injury from defective sidewalks—duty and liability in respect thereto.* On principles of common law, an action lies against a municipal corporation, for damages resulting from its negligence in keeping public streets and sidewalks in repair, where the duty to make the repairs is fully declared, and adequate means are furnished the city to perform the duty.

2. A city incorporated under the general Incorporation law owes the duty of keeping its streets, sidewalks, etc., in repair, and is clothed with adequate powers and means for that purpose.

3. SAME—*as to the character of use of a street or sidewalk allowable, in view of the liability of the municipality.* The statute does not impose the duty upon incorporated cities to keep their streets and sidewalks in proper repair for travelers only, but for all persons lawfully using the same, without regard to the motives and objects of those passing over them. Persons using them for recreation or amusement not unlawful, or from mere idle curiosity, are as much within the protection of the law as those in the pursuit of their legitimate and necessary business.

4. So a city incorporated under the general law is liable in damages to the next of kin of a child, who, while rolling a hoop along a sidewalk out of repair, is injured in consequence of the defective state of the sidewalk, and who dies from such injury, when such child, at the time of the accident, was not guilty of negligence in failing to use the care for its safety required of one of its age, and when the city had notice of the unsafe condition of the walk before that time, or might have known its condition by ordinary care and diligence. And it makes no difference that such child was rolling a hoop at the time of the injury, when there is no ordinance prohibiting or regulating the rolling of hoops upon the sidewalks.

5. SAME—*of imputing negligence to a minor in the use of a sidewalk.* In determining whether a boy, a little over ten years of age, was or was not guilty of negligence in rolling a hoop over a defective sidewalk, where he is injured, all the circumstances in evidence, including his age, should be considered. If he exercised such care for his safety, as, under the circumstances, might be expected from one of his age and intelligence, it will be sufficient.

6. SAME—*negligence as a question of fact.* Whether a child ten and a half years old, who is injured while rolling a hoop along a sidewalk in consequence of its unsafe condition, was guilty of negligence on its part or not,

is a question of fact, to be determined by the jury from all the evidence in the case, and not one of law, to be determined by the court. The law neither infers negligence, nor its absence, from the fact of the child rolling a hoop.

7. ACTION *for death of a minor—from negligence, etc.—by whom it may be maintained.* Where a minor loses his life through the negligence. default or wrongful act of another, the statute giving an action to his personal representative does not limit the right of recovery to his father, or for his benefit, merely because he may have been entitled to his services and earn-- ings. The jury should not, by instruction, be confined in their assessment of damages to the pecuniary loss of the father and mother of the deceased,. excluding that of his surviving brothers and sisters.

8. SAME—*measure of damages.* The question of the compensation to be awarded to the next of kin of a deceased person, under the statute, (chap. 70, sec. 2,) for their pecuniary loss from his death, is not in its nature capable of exact determination. Therefore the jury should calculate the damages in reference to a reasonable expectation of benefit, as of right, or as of grace or favor, from the continuance of the life.

9. INSTRUCTION—*on court's own motion—whether imperative.* While a court may very properly give an instruction on its own motion, in a case, yet its failure to do so can not be urged as error. By failing to ask for a. particular instruction, or one on a particular branch of the case, the party complaining must be regarded as waiving any right to the same.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. W. H. BARNUM, Judge, presiding.

This was an action on the case, by Michael Keefe, admin-- istrator of the estate of Michael Keefe, deceased, against the city of Chicago, for injuries causing the death of the intes- tate, resulting from the negligence of the city in failing to keep one of its sidewalks in repair.

The intestate, a lad of ten and a half years of age, while rolling his hoop along a sidewalk of Butterfield street, stepped on the end of a loose board, which flew up and struck his knee, and thereby caused him to fall down with some vio- lence. In falling, his eye came in contact with the end of the stick with which he had been propelling his hoop. The force of the fall caused the stick to penetrate the eye, and. destroy it, and break off some of the adjacent bone. He died

from the effects of the injury, two months afterwards. The sidewalk where this fall occurred was badly out of repair,— stringers were gone, and boards were loose and rotten,—and it had been in this condition for some time. The plaintiff is the father of the deceased, and the suit is brought, under the statute, for the benefit of the next of kin, who are the father, mother, four brothers and four sisters. Verdict was returned by the jury, for the plaintiff, assessing the damages at $2500. Motion for new trial was overruled, and judgment rendered upon the verdict. On appeal to the Appellate Court for the First District the judgment was affirmed, and that judgment is brought before this court for review, by the present appeal.

Mr. CLARENCE A. KNIGHT, for the appellant:

The sidewalks are not made as a play-ground for children, but for the passage of pedestrians. All persons are bound to use their eyes, and ordinary care, and failing to do so no recovery can be had for any injury received. *Kewanee* v. *DePew*, 80 Ill. 119.

The liability of the city must be considered with reference to the use of the sidewalk for ordinary travel, which does not mean it shall be reasonably safe for a boy to roll a hoop. *Chicago* v. *Bixby*, 84 Ill. 83; *Gavin* v. *Chicago*, 97 id. 66; *Stinson* v. *Gardner*, 42 Me. 248; *Blodgett* v. *Boston*, 8 Allen, 237; *Donoho* v. *Vulcan Iron Works*, 7 Mo. App. 447.

The correct rule is, that the boy was bound to exercise such care as might be expected from a person of his age and discretion. *Bloomington* v. *Perdue*, 99 Ill. 329.

It was the duty of the court to give an instruction to guide the jury in the assessment of damages. 3 Sutherland on Damages, 731; *Peters* v. *Railroad Co.* 46 Iowa, 399; *Tipton* v. *Triplett*, 1 Metc. 570.

The father of the deceased being entitled exclusively to his earnings during his minority, the proper measure of damages would be the value of the child's services from the time of the

injury till he would have arrived at his majority, taken in connection with his prospects in life, less support and maintenance. *Kerr* v. *Forgue*, 54 Ill. 484; *Barly* v. *Railroad Co.* 4 Biss. 434; *Railway Co.* v. *Freeman*, 36 Ark. 41; *Pennsylvania Co.* v. *Lilly*, 73 Ind. 252; 2 Thompson on Negligence, 1292.

Mr. A. W. GREEN, and Mr. M. W. ROBINSON, for the appellee:

The city council has the power to prevent and regulate the rolling of hoops on the sidewalks. (Rev. Stat. 1874, chap. 24, art. 5, sec. 1, clause 92.) In the absence of the exercise of such power, the boy was not prevented from going along the sidewalk rolling a hoop; and if, while so going, and using such care as, from his age and intelligence, was required of him, he was injured because of the unsafe condition of the sidewalk, the city is liable. *McGarry* v. *Loomis*, 63 N. Y. 104; *Railway Co.* v. *Fielding*, 48 Pa. St. 320; *Kerr* v. *Forgue*, 54 Ill. 482; *Railroad Co.* v. *Gladmore*, 15 Wall. 401; *Robinson* v. *Cone*, 22 Vt. 213; *Chicago* v. *Major*, 18 Ill. 349.

The instruction as to the measure of damages was properly refused. Damages are not to be given merely in reference to the loss of a legal right, but they are to be calculated in reference to a reasonable expectation of pecuniary benefit from the continuance of the life. *Franklin* v. *Railroad Co.* 3 Hurl. & Nor. 211; *Dalton* v. *Railroad Co.* 93 E. C. L. 296; *Railroad Co.* v. *Shannon*, 43 Ill. 347; *Railroad Co.* v. *Becker*, 84 id. 483.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant asked the court to instruct the jury as follows:

"The jury are instructed that the sidewalks of the city are not made for the purpose of a play-ground for children, nor as a mere place for the recreation of children, and that the condition of the sidewalk is only to be considered with reference to its use for the ordinary travel along the same.

15—114 ILL.

"The jury are instructed that if they believe, from the evidence in this case, that the deceased, Michael Keefe, was, at the time in question, playing upon the sidewalk, by rolling a hoop along the same, then you are instructed that if you believe, from the evidence, that he would not have fallen or have been injured if he had gone along the sidewalk in the ordinary mode, then you must find for the city, as the sidewalks are not made for the purpose of a play-ground for children."

But the court refused to give the instructions, and this ruling presents the first and principal question discussed in the arguments before us.

Counsel for appellant cite and rely upon *Stinson* v. *Gardner*, 42 Maine, 248, and *Blodgett* v. *Boston*, 8 Allen, 237, in support of the instructions. These decisions are based upon the principle announced in *Blodgett* v. *Boston*, that the liability of towns and cities for injuries to persons or property occasioned by defects in highways, is intended to be commensurate only with the duty imposed on them,—that is, to keep them in repair, "so that they may be safe and convenient for travelers at all seasons of the year." In the view of the New England courts there is no implied liability for injuries resulting from defective streets or sidewalks,—the liability is wholly statutory. And as observed by Dillon, in his work on Municipal Corporations, section 786, "an important consequence is, that every case of this character must be within the statute." (See, also, notes on page 749, first edition.) On the contrary, we hold, on principles of common law, that an action for damages resulting from negligence will lie against a municipal corporation if the duty to make repairs is fully declared, and adequate means are put within the power of the corporation to perform the duty. *Browning* v. *City of Springfield*, 17 Ill. 143 ; *Scammon* v. *City of Chicago*, 25 id. 424 ; *Clayburgh* v. *City of Chicago*, id. 535 ; *City of Bloomington* v. *Bay*, 42 id. 503.

It is not attempted to be controverted in this case that the city of Chicago owes the duty to keep its streets, sidewalks, etc., in repair, and that this is the fact will be seen by reference to the various provisions of the general law in relation to the incorporation of cities, villages, etc., under which the city of Chicago is incorporated, applicable to this subject. (Rev. Stat. 1874, chap. 24.) Nor is it denied that the city had adequate means within its power for that purpose. There is no limitation in the statute that the streets shall be kept in repair "for travelers." They are to be kept in repair as streets, and, by necessary implication, for all the purposes to which streets may be lawfully devoted. We assume as self-evident that, with us, streets are open to the use of the entire public, as highways, without regard to what may be the lawful motives and objects of those traversing them,—that those using them for recreation, for pleasure, or through mere idle curiosity, so that they do not impinge upon the rights of others to use them, are equally within the protection of the law while using them, and hence equally entitled to have them in a reasonably safe condition with those who are passing along them as travelers, or in the pursuit of their daily avocations. (See *Donoho* v. *Vulcan Iron Works et al.* 7 Mo. App. 447, and same case in 75 Mo. 402.) In crowded cities, their use for pleasure, and sometimes even for the promotion of health, may be regarded as a public necessity. On like principle, why may they not be used by children in play and amusement, so long as the rights of others being on or passing along the street shall not be prejudiced thereby? We can perceive no reason. Such use is certainly the universal custom, and the lawfulness of rolling hoops along streets, when not prohibited by ordinance, is impliedly conceded by the 92d subdivision of section 1, article 5, chapter 24, of the Revised Statutes, which empowers the common council to prohibit or regulate it by ordinance.. The right to *regulate* necessarily assumes the lawfulness of that which is to be *reg-*

*ulated,*—without regulation until it shall be prescribed, and in conformity with the regulation after it shall be prescribed. Since, then, there is not here shown to have been any ordinance either *prohibiting* or *regulating* the rolling of hoops, it is to be assumed that this child was, at the time he was injured, lawfully passing along the sidewalk,—that the fact that he was rolling a hoop, while pertinent on the question of whether he was guilty of contributive negligence, did not, *per se,* deprive him of any right in respect of passage along the sidewalk which he would otherwise have had, and that the duty of the city towards him was precisely the same that it was towards a child of the same age and mental capacity, exercising the same degree of care, passing along the sidewalk without a hoop. Indeed, the rule seems to be, that although a party may be doing an unlawful act at the time he is injured through the negligence of another, this will not prevent a recovery, unless the act is of such a character as would naturally tend to produce the injury. (*Sutton* v. *Town of Wauwabasa,* 29 Wis. 22; Wharton on Negligence, (2d ed.) sec. 995.) Whether this child was guilty of contributive negligence, was a question of fact, to be determined by the jury from all the evidence in the case, and not a question of law, to be determined by the court from the circumstance that he was rolling a hoop. The law neither infers negligence, nor its absence, because he was rolling a hoop, since, as a matter of fact, he may have rolled a hoop along the sidewalk and yet have observed the highest degree of care in passing along,— *i. e.,* it is not impossible that he may have done so, just as, at another time, he may have been passing along the sidewalk in a grossly negligent manner without a hoop, and on a business errand. The question of law is, simply, what is the degree of care he should have observed to entitle his administrator to recover. Whether, his conduct all considered, he observed that degree of care, was the question of fact.

These instructions, as framed, were argumentative of fact and law, rather than declarative of a simple rule of law, as instructions to the jury should be; and, in our opinion, their tendency was to mislead the jury, and they were therefore properly refused.

Objection is urged that the instruction given at the instance of appellee limits the degree of care to have been observed by the intestate to such as, "from his age and intelligence, under the circumstances in evidence, was required." The phraseology employed is not free of objection, but we do not think the instruction calculated to mislead. Counsel say it should have been limited to "such care as might be expected from a person of his age and discretion." Substantially, there seems no important difference. The circumstances in evidence are always to be taken into consideration in such cases; and if the intestate exercised such care as, under the circumstances, might be expected from one of his age and intelligence, it was sufficient. What was said does not materially vary, in sense, from this.

Appellant asked, but the court refused to give, the following instruction:

"The jury are instructed, as a matter of law in this case, that the father and mother of Michael Keefe were entitled to his earnings until he arrived at the age of twenty-one years, and that until he arrived at the age of twenty-one years the brothers and sisters of Michael Keefe were not entitled to any pecuniary aid from him, and should therefore only consider the pecuniary loss, if any, that you may believe, from the evidence, (if you should find the city guilty,) the father and mother of Michael Keefe may have sustained."

And this, also, is urged as error. We think the instruction was properly refused. The statute does not so limit the right of recovery. The jury may give, in such cases, "such damages as they shall deem a fair and just compensation,

with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased," etc. (Rev. Stat. 1874, chap. 70, sec. 2.) The question is, in its nature, incapable of exact determination, (*Chicago and Alton Railroad Co.* v. *Shannon*, 43 Ill. 347,) and the jury should therefore calculate the damages in reference to a reasonable expectation of benefit, as of right, or otherwise, from the continuance of the life. (*Franklin* v. *S. E. Railroad Co.* 3 Hurl. & Nor. 211; *Dalton* v. *S. E. Railroad Co.* 93 E. C. L. 296.) Parents, and even brothers and sisters, might reasonably expect, in many ways, to derive pecuniary benefit from the continued life of the intestate, as of grace and favor, if not of right, at any age of life, and our statute imposes the duty of support, in the event of their becoming paupers, of the parent by the child, and of one brother or sister by another brother or sister. Rev. Stat. 1874, chap. 107, sec. 2.

No objection was taken to the sufficiency of the declaration, by demurrer or motion in arrest, and no question arose on the trial on the admission or exclusion of evidence. No error is claimed in any instruction given at the instance of appellee, on the question of damages, nor is it claimed that any error was committed in refusing to give any instruction asked by appellant on that subject, other than the one to which we have already referred. But the point is made that the circuit court erred in not definitely instructing the jury on that question, of its own motion. That the court might very properly have done so, or, indeed, that it was most advisable that it should have done so, we may concede, yet we can not hold that the omission was error. Appellant's counsel had the matter entirely in his own hands, and consistently with our practice, it was his duty to raise the question he now wishes to discuss, by requiring some ruling thereon during the trial. He might certainly consent to let the jury retire without instructions on the subject of damages, or on any other subject; and when, here, he permitted them to retire instructed only as

they were, we think he must be deemed to have waived any rights that he might otherwise have had to be further heard in that regard.  He presented no instructions to the court, in writing, on the subject of damages, generally, nor does he appear to have made any request of the court to instruct them upon that subject, generally.  His objection can not be now urged.  The question of the amount of damages, as we have repeatedly held, is not before us, in cases like the present.

The judgment is affirmed.          *Judgment affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM:  A petition for rehearing has been presented in this case, and the argument in support of it has received careful consideration.  We remain of the opinion heretofore announced.  In what we have said we had reference only to the state of facts before the court.  A sidewalk is for the passage of *persons,* only, and we have not had in contemplation any use of it otherwise.  Whether it be passed over for business or for pleasure, or merely to gratify idle curiosity, we think the use is lawful.  A child may lawfully be upon the sidewalk for pleasure, only,—that is to say, for play,—and the city owes the same duty to have the sidewalk in a reasonably safe state of repair, in respect of it, that it does in respect of those who are on the sidewalk passing to or returning from their places of business or abode.  It may be true that the child will be less careful in its mode of using the sidewalk while playing, than the business man will be while traveling to or from his place of business or abode; but this belongs to the domain of fact, and not to that of law.  It may be so in most cases,—it is not inevitably so in all cases.  It is for the jury, not the court, to say what, in a given case, was the conduct of the parties.

Our attention is called to an expression used in *City of Chicago* v. *Starr, Admr.* 42 Ill. 177, wherein it is said: "For

it is to be borne in mind that it is not the duty of the city of Chicago to make its streets a safe play-ground for children. That is not the purpose for which streets are designed." This expression does not occur in the statement of a legal principle, nor in the argument of a legal proposition, but it occurs in an argument upon a question of fact, purely,—namely, whether, in that case, the intestate was guilty of that degree of contributive negligence which precluded a recovery. At that time this court reviewed on questions of fact as well as of law, and often these questions were so intermingled in the discussion, that it requires some effort and care to distinguish between them. It was, in the case referred to, assumed as a matter of fact that children, in playing, will be more careless than persons who are simply passing along, and the only legal proposition is one that is implied in the argument, and that is, that the measure of duty of the city in regard to its streets is limited by the necessities of the ordinary modes of traveling or passing along the streets. If they were not kept up to this requirement, and children in playing did not subject them to greater burdens, or essentially different uses, certainly it was not contemplated that the fact of the children being at play should bar a recovery for injuries resulting from the condition of the streets. That this was the view is quite evident from *Kerr* v. *Forgue*, 54 Ill. 484, where a recovery was had for an injury occurring to a child through negligence, although the child, at the time of the injury, was engaged in an act of play, in which case *Chicago* v. *Starr* is referred to and distinguished. The decisions of the lower court have, under the statutes now in force, relieved us of all questions of controverted fact, and in instructing a jury, trial courts are only authorized to instruct on questions of law. It is not proper to instruct on the facts, nor, in the form of instructions, to argue the facts.

The rehearing is denied.

*Rehearing denied.*