## Scott et al. v. John McMenamin, a Minor, etc.

1. NEGLIGENCE—*Of Infants.*—Where the question of the negligence of an infant arises, the circumstances in evidence are always to be taken into consideration, and the inquiry is whether the minor exercised such care as, under the circumstances, might be expected from one of his age and intelligence.

2. NEGLIGENCE—*Duty of Master.*—The duty of a master is to use reasonable and ordinary care not to subject his servant to extraordinary and unreasonable danger.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, A. D. 1893; reversed and remanded. Opinion filed June 20, 1893.

APPELLANTS' BRIEF, PARTRIDGE & PARTRIDGE, AND DUNCAN & GILBERT, ATTORNEYS.

It has been so often affirmed and is so well established, that the master is not guarantor of the safety of machinery which he puts into the hands of his servants, and is responsible only when he has failed to employ reasonable care and skill in its selection, that we content ourselves with a reference to a few recent cases recognizing the principle. Cooley on Torts, p. 557, Note 1.

"As respects his duty toward an employe in his service, the employer is not bound to provide absolutely safe machinery. The law imposes upon the employer only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery." Camp Point Mfg. Co. v. Ballou, Admr., 71 Ill. 417–421; see also, Chicago, R. I. & P. Ry. Co. v. Lonergan, 118 Ill. 48; Shearman & Redf. on Neg., Sec. 87.

MORRIS ST. P. THOMAS and W. S. JOHNSON, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellee, employed by appellants to run an elevator in their store, and directed by them to keep the "cab" clean, was injured while standing in a shaft, by the descent of the weights belonging to another elevator. He was at the time engaged in cleaning the cab of the elevator of which he had charge.

Appellee appears to have been sixteen years old at the time of the accident; he had lived upon a farm in New York State, and in De Kalb County, Illinois, and had been in charge of this elevator from the middle of December, 1889, until the following first of February, when he was injured.

There was a good deal of evidence bearing upon the question of whether the plaintiff in respect to the duty and situation which led to the accident, had exercised such care and caution as was to be expected from a person of his years and intelligence; and upon this subject it was important that the jury should be correctly instructed.

Upon this, at the instance of appellee, the court gave the following instruction:

"2. The jury are instructed that in determining the relative degrees of care, or want of care, manifested by the parties at the time of the injury in this case, the age and discretion of the plaintiff, John McMenamin, are proper subjects of inquiry for the jury. The law does not require that a person of the age of John McMenamin shall exercise the same degree of care and caution as a person of maturer years, but only such care and caution as a person of his age, intelligence and discretion, would naturally and ordinarily use under like circumstances."

Where the question of the negligence of an infant arises, the circumstances in evidence are always to be taken into consideration, and the inquiry is whether the minor exercised such care as under the circumstances might be expected from one of his age and intelligence. City of Chicago v. Keefe, 114 Ill. 222, 229.

The statement that the law "does not require that a per-

son of the age of John McMenamin shall exercise the same degree of care and caution as a person of maturer years," even in connection with what followed, was, to say the least, misleading; and the same may be said of the expression, "at the time of the injury;" the matter under consideration, in this regard, was more especially the care exercised when the plaintiff went into the place of danger.

The following was also given at the instance of appellee :

" The jury are instructed, as a matter of law, that it was the duty of the defendants, so far as practicable, to furnish the plaintiff a reasonably safe place in which to do the work for which he was employed."

The duty of a master is to use reasonable and ordinary care not to subject his servant to extraordinary and unreasonable danger. C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 49; Chicago Rolling Mill Co. v. Monka, 4 Brad. 664; Heyer v. Salsbury, 7 Brad. 93; Cooley on Torts, 557, Note 1.

The vice of the instruction consists not so much in it as a proposition of law, as in its inapplicability to the case under consideration.

The judgment of the Superior Court is reversed and the cause remanded.