MINNIE WILLIAMS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa January 19, 1897.*

1. APPEALS AND ERRORS—*whether proper time to prepare for trial was given cannot be first raised on appeal.* The question whether counsel for defendant in an indictment were allowed a reasonable time to prepare for trial is not presented on appeal, where the record shows no motion to continue or postpone.

2. SAME—*when party cannot object to oral charge to jury, given by agreement.* A defendant in an indictment who agrees that the jury may be orally instructed, cannot, on appeal, complain that the presumption of defendant's innocence was not stated in the charge, where no request was made to the court to include it and attention was not called to its omission.

3. INSTRUCTIONS—*may assume facts which are not in dispute.* An objection that the court's charge to the jury assumes certain facts is not valid, where such facts were not disputed on the trial by the party urging the objection.

4. NEW TRIAL—*cannot be allowed upon grounds not stated in the motion.* Newly discovered evidence, to be availed of as a ground for new trial, must have been relied upon in the motion made therefor.

5. SAME—*newly discovered evidence as ground for—diligence.* Newly discovered evidence affords no ground for a new trial unless diligence to procure the same at the trial is shown, and not then where the same is merely cumulative to that given at the trial.

164—31

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

SCANLAN, McGAFFEY & MASTERS, for plaintiff in error.

MAURICE T. MOLONEY, Attorney General, (T. J. SCO-FIELD and M. L. NEWELL, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Plaintiff in error was tried and convicted in the court below on an indictment charging her with the crime of larceny, and sentenced to the penitentiary. She brings the case to this court for review, and her counsel urge several grounds of reversal, none of which are, in our opinion, tenable.

It is first insisted that the court below erred in refusing to allow counsel a reasonable time to prepare for the trial; but the record wholly fails to show that any motion was made for a continuance or postponement of the case, and there is therefore nothing before us upon which that alleged error can be based.

It is again insisted that the evidence fails to sustain the conviction. The charge is, that the defendant enticed the prosecuting witness, one Allen M. Easterly, into a house on Madison street, in the city of Chicago, and there stole from him the sum of $100, the money being secretly taken from his vest pocket. Easterly testified clearly and positively to the facts and circumstances of the taking, and positively identified the defendant as the party who committed the larceny. He was corroborated by certain police officers who assisted him in identifying her, and who testified to conversations had with her after her arrest. It is insisted, however, that neither these witnesses nor Easterly are entitled to credit, because of their conduct in offering or proposing to abandon the prosecution upon repayment of a certain sum of money, and contradictory statements made by them on

that subject and as to the identity of the defendant. We do not deem it necessary to make an extended review of the testimony. As to the fact of the larceny, Easterly was contradicted by no witness except the defendant herself. He denied having made any offers or promises to abandon the prosecution upon the repayment to him of the money stolen, or any other sum. The jury were fully warranted in believing him, and if they did so, their verdict could not properly have been other than guilty.

The charge of misconduct on the part of the judge is unsupported by the record.

By agreement of counsel the court instructed the jury orally, the instructions being taken down by the reporter, and it is urged as reversible error that none of the instructions informed the jury as to the presumption of the defendant's innocence. Here again the record furnishes no basis for the alleged error. No request was made by counsel for such an instruction, nor was the court's attention called to the omission now complained of. It needs no argument to show that it cannot be insisted upon now. We are also of opinion that the instructions, taken together, did sufficiently inform the jury that the burthen of proof was upon the People to establish the defendant's guilt,—and that beyond a reasonable doubt.

We do not agree with counsel in the contention that the court assumed in the instructions that the amount and value of the money stolen had been proved. There was no dispute on the trial as to the amount and value of the money, the defense being that the defendant was not the party who stole it.

After the verdict of the jury had been returned the case took a very peculiar and unusual course, and the record is burthened with what then took place to no purpose. A motion by counsel for the defendant for a new trial was filed, based upon twelve alleged grounds, in none of which is newly discovered evidence mentioned. Notwithstanding the fact that no such ground for a new

trial was set forth in the motion, numerous affidavits of parties were filed as to conversations with the prosecuting witness, and what took place between him and the police officers, and as to other facts claimed to be newly discovered, and one witness was put upon the stand and examined at length, explaining his testimony upon the trial and detailing certain facts about which he had not been previously interrogated. Aside from the fact that all this was foreign to the motion, nothing was shown which would have authorized the granting of a new trial. No sufficient reason is shown for not producing the witnesses upon the trial. Admitting that all they state would have been material to the defense, the use of proper diligence before and during the trial would have enabled the defendant, through her counsel, to procure the testimony,—at least there is nothing in the affidavit of counsel sufficiently showing the contrary. The attempt was to try the case after verdict, by affidavits. If that could be done on the showing here made, a new trial might be obtained in every case where one party is surprised by the testimony of witnesses for the other. But a still more conclusive reason for holding the affidavits insufficient to justify the granting of a new trial on the ground of newly discovered testimony is, that the evidence there set forth is merely cumulative to that given on the trial, and not conclusive. We entertain no doubt that the court ruled correctly in refusing a new trial upon the ground of newly discovered testimony.

We find no reversible error in this record, and the judgment of the Criminal Court will be affirmed.

*Judgment affirmed.*