## Marx Thode v. The Peter Schoenhofen Brewing Company.

1. INSTRUCTIONS—*Failure to Ask for.*—A person who agrees that a jury may be orally instructed can not complain, on appeal, of the failure of the court to instruct on a particular point, when no request was made for an instruction on such point, and the attention of the court was not called to the omission.

2. SAME—*Charge Should be Construed as a Whole.*—Although an expression in an instruction may be subject to criticism, if, when taken in connection with other portions of the charge, it could not have misled the jury, the inaccuracy will not be ground for reversal.

Assumpsit, on a guaranty.    Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding.    Heard in this court at the May term, 1896.    Affirmed.    Opinion filed February 25, 1897.

JAMES F. HUGHES, attorney for appellant.

HORACE S. CLARK and JOHN F. SCOTT, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in the sum of $250 for a quantity of beer sold by the appellee to one Barker, upon the written order of the appellant, as alleged. The case mainly turned upon the question of fact whether the defendant signed or authorized Barker to sign a letter and telegram introduced in evidence. The testimony was conflicting on this point, but nothing appears to justify us in reversing. While a finding for defendant might have been warranted, yet it was chiefly a question of veracity, or perhaps, as to which of the witnesses had the more reliable memory.

We not only can not say that the proof fails to support the verdict but are rather inclined to think the verdict is right. By consent of parties, the court orally instructed the jury. It is now urged by appellant that the charge is erroneous in that it ignores the defense of payment. We do not see that such defense was substantially before the jury.

As already stated, the main question for decision was whether defendant ordered the shipment, and there was apparently no other controversy in the case.

If there was such a defense really before the jury, counsel should have asked the court to instruct in regard thereto. Having failed to make such request, the omission by the court can not be urged as ground of reversal, and more especially so in view of the evidence which does not seem to present anything of substance upon which to predicate such instruction. Williams v. People, 164 Ill. 481.

It is urged that the court did not correctly advise the jury as to the burden of proof. At the beginning the court said that the plaintiff must establish the right to recover by a preponderance of the evidence. Again, it said:

" The burden of proof is upon the plaintiff to show the telegrams and letters were signed by the defendant, or that he authorized them to be signed in his name.   If you believe from the evidence that the defendant did not sign them, or if you believe from the evidence he did not authorize any other person to sign them for him, then, as a matter of course, he was not bound by them."

And again :   " As I said before, if you do not believe from the evidence that the defendant authorized the telegrams and letters, then the defendant is not bound by them.   So far as the receipt of the telegrams or letter is concerned, there is no presumption about it, one way or the other.   The plaintiff must show that the defendant authorized the sending of the letter or the sending of the telegrams."

Counsel dwells upon the expression, " if you believe from the evidence that defendant did not sign, or if you believe from the evidence that he did not authorize any other person to sign them for him," as casting the burden on defendant.

This expression, if taken alone, would be subject to that criticism ; but though inaccurate, when taken in connection with the other portions of the charge, it could not have misled the jury.

The whole charge being read and considered together, as it should be, is not misleading, and sufficiently advises the jury that the burden is on the plaintiff to establish the case alleged, by the weight of the evidence.   We can not think the jury misunderstood the rule of law on this point.   No substantial error appearing the judgment must be affirmed.