## Chicago Great Western Ry. Co. v. H. D. Root, Adm'r.

1. DAMAGES—*When $5.000 is Not Excessive.*—Decedent was at the time of her death twelve years of age; she was the only child, in good health, was attending school, and as a student was a year or two more advanced in her studies than her age would warrant; she was making very rapid progress in her music lessons; was useful with her needle, helped her mother to do the housework, and was industrious, obedient and of a happy disposition. *Held*, that a judgment for $5,000 damages is not excessive.

Trespass on the Case, for death by negligent act. Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

J. B. STEPHENS, attorney for appellant.

D. J. CARNES, G. W. DUNTON and JOHN FAISSLER, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case by appellee, H. D. Root, as administrator of the estate of Rose M. Root, deceased, for the benefit of the next of kin, to recover damages for her death caused by the alleged negligence of appellant. The damages were laid in the declaration at the sum of $5,000. Appellee filed a plea confessing, in effect, the cause of action and making a tender of $2,500. Upon the trial the jury found appellant guilty and assessed appellee's damages at $2,500, in excess of the tender of $2,500, making the amount $5,000 in all. A motion for a new trial was overruled and judgment entered in accordance with the verdict. It appeared from the pleadings and from the admissions of appellant that decedent was killed in a collision on appellant's railway. There was no evidence produced on the trial except that introduced by appellee. From that evidence it appeared that the decedent was at the time of her death twelve years of age; that she was the only child of H. D. Root and his wife, Sarah M. Root, who

were then thirty-six and thirty-seven years of age respectively; that the child, at the time she received the injury resulting in her death, was in good health, was attending school, and as a student was considered above the average, her teacher testifying that she was a year or two more advanced in her studies than her age would warrant; that she was making very rapid progress in her music lessons; that she was useful with her needle and helped her mother to do the housework; that she was industrious, obedient and of a happy disposition. No question is made as to any ruling on the evidence or the instructions, the sole contention of appellant being that the allowance of $5,000 for the pecuniary injuries which the parents suffered by the death of their twelve-year-old daughter was so grossly excessive as to indicate that it could only have been the result of passion or prejudice on the part of the jury. Under the law of this state the jury were only permitted to give such damages as they should deem from the evidence to be a fair and just compensation with reference to the pecuniary injuries resulting from the death of the child, to appellee and his wife. The amount of such damages is necessarily largely a matter of conjecture and can not be accurately determined. The services which the child might be able to render her parents could not possibly be known and depended on many circumstances, such as the continued life of the parties, their condition as to health, and many other circumstances which could not be foreseen. No positive rule by which damages can be estimated in a case like this can be laid down, and the courts have differed greatly upon the subject. The amount must necessarily be largely left to the judgment of the jury and such is the evident intention of the statute. Rev. Stat., Chap. 70, Sec. 2.

In the case of City of Chicago v. Keefe, 114 Ill. 222, where a suit was brought to recover against the city for the death of a boy ten and one-half years old, caused by injuries resulting from the negligence of the city in failing to keep one of its sidewalks in repair, it was said as to the question of pecuniary damages, under the statute,

resulting to the next of kin, " The question is in its nature incapable of exact determination, ·and the jury should therefore calculate the damages in reference to a reasonable expectation of benefit, as of right, or otherwise, from the continuance of the life.    Parents, and even brothers and sisters, might reasonably expect in many ways to derive pecuniary benefit from the continued life of the intestate, as of grace and favor, if not of right, at any age of life, and our statute imposes the duty of support in the event of their becoming paupers, of the parent by the child, and of one brother or sister by another brother or sister."

In the case of Cicero & Proviso St. Ry. Co. v. Boyd, 95 Ill. App. 510, a judgment for $5,000 for damages resulting from the death of a boy seven years and nine months old who had been run over by an electric car, was sustained. In the course of the opinion of the court it was said :

"It is also said that the judgment is excessive, but we are unable to say this is so.    Numerous cases are cited on this point, both by appellant and appellee, none of which are, however, controlling, because of the difference in their facts and circumstances from the case at bar.    No complaint is made that the trial was other than fair, or that the jury was influenced by any improper motives, and we therefore think, in view of the statute which, in the first instance, at least, commits to the jury the question of what is a just and fair compensation in cases of this nature, we should not interfere with the judgment because of its amount.    This child was attending school at the time; was in good health and very bright.    In the nature of things, the pecuniary damages could not be proven by direct evidence.    What they would be must be largely a matter of conjecture."

In this case there is no charge that the jury was subjected to any improper influences, and we are unable to say, under all the circumstances, that the verdict is so excessive as to warrant the belief that it was the result of passion or prejudice.    Such being the case, the verdict of the jury should not be disturbed.    C., B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. & A. R. R. Co. v. Pearson, 82 Ill. App. 605; Economy L. & P. Co. v. Stephen, 87 Ill. App. 220.

The judgment of the court below is therefore affirmed.