V. T. MALOTT, Receiver,

*v.*

J. B. HOOD.

*Opinion filed February 18, 1903.*

1. RAILROADS—*provision of act of Congress requiring "grab-irons" on cars applies to loaded or empty cars.* The provision of the act of Congress requiring cars used in inter-State commerce to be provided with grab-irons or hand-holds applies to all cars, whether loaded or empty, being used in inter-State commerce.

2. SAME—*when court need not define inter-State commerce.* In an action against a receiver of a railroad for injuries to the plaintiff, alleged to have resulted from a violation of the act of Congress requiring cars used in inter-State commerce to be provided with grab-irons, the court is not bound, of its own motion, to give an instruction defining inter-State commerce.

3. APPEALS AND ERRORS—*when question that car was not shown to be used in inter-State commerce is not presented.* The question whether or not a car was shown by the evidence to have contained any articles to be transported from one State to another is not open for review in the Supreme Court, where no instruction to find for the defendant was requested.

4. SAME—*what questions are conclusively settled by judgment of Appellate Court.* Whether or not a side-track was "sidling" or its condition was known to the plaintiff, or the plaintiff's exclamation at the instant of injury indicated that the injury was the result of his own negligence, are questions of fact settled by the judgment of the Appellate Court, where no error of law upon that branch of the case is presented or discussed in appellant's brief.

5. SAME—*record must affirmatively show error.* Unless the record shows affirmatively that error has intervened, the presumption that the proceedings were regularly conducted must prevail.

6. INSTRUCTIONS—*reference to declaration is not objectionable.* An instruction advising the jury to find a verdict for the plaintiff if they believe, from the evidence, that the facts specifically recited, which are relied upon to constitute negligence, have been proven

and that the plaintiff was injured, "as charged in the declaration," as the result of such negligence, is not objectionable in its reference to the declaration.

7. MASTER AND SERVANT—*servant does not assume all risks incident to business.* A servant assumes only such incident risks as are usual and ordinary and which remain so incident after the employer has used reasonable care to remove them, or, if extraordinary, such as are so obvious and expose him to danger so imminent that an ordinarily prudent man would not remain in the employment.

*Malott* v. *Hood*, 99 Ill. App. 360, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

T. J. GOLDEN, (NEAL & WILEY, of counsel,) for plaintiff in error.

JAMES W. & EDWARD C. CRAIG, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiff in error, on the 27th day of December, 1897, was operating the Terre Haute and Indianapolis Railroad Company in his capacity as receiver, by appointment of the circuit court of the United States for the District of Indiana and the circuit court of the United States for the Southern District of Illinois. On that day the defendant in error, who was in the employ of said receiver as rear brakeman on a freight train which said receiver was moving over said road from East St. Louis, in the State of Illinois, to Indianapolis, in the State of Indiana, while attempting, at the side-track at Greenup, Illinois, to couple one of the cars which had been placed in the train at East St. Louis to a car standing on the switch at Greenup, had his right hand caught between the "dead-wood" of the bumpers of the cars and so badly crushed and mangled that his hand had to be amputated. He brought this action in case against the receiver to

recover damages for the injuries thus received, and recovered a judgment in the sum of $3500, which has been affirmed by the Appellate Court for the Third District, on appeal. This writ of error has been sued out by the receiver.

Two grounds of recovery were relied on. The first was, that the car which had been placed in the train at East St. Louis, Illinois, to be transported or hauled to Indianapolis, Indiana, which the defendant in error was attempting to couple to another car, was being used in inter-State commerce by the receiver, and was not provided with grab-irons or hand-holds in the ends and sides thereof, as is required by section 4 of the act of Congress approved March 2, 1893, which section is as follows: "That from and after the first day of July, 1895, until otherwise ordered by the Inter-State Commerce Commission, it shall be unlawful for any railroad company to use any car in inter-State commerce that is not provided with secure grab-irons or hand-holds in the ends and sides of each car for greater security to men in coupling and uncoupling cars,"—and that the injury to the defendant in error resulted from the failure to so have grab-irons or hand-holds on the ends of the car. As to this ground of recovery the argument of counsel for the plaintiff in error is, that the evidence did not bring the case within the terms of the Federal statute, and did not, by a preponderance thereof, show the car was not provided with the grab-irons or hand-holds, and that the court erred in not giving the jury an instruction defining inter-State commerce.

In support of the first of these contentions it is urged there is no evidence to show that the car in question contained any commodities to be transported from one State to another. The trial court was not asked to hold, as matter of law, the evidence was insufficient to warrant recovery, and to direct a peremptory verdict in favor of the plaintiff in error receiver. The question, therefore,

does not arise upon the record whether, as matter of law, the court erred in submitting the case to the jury, and the action of the circuit court and the Appellate Court is conclusive as to the sufficiency of the proof to support the verdict. Whether the conflict in the testimony on the question whether the car was supplied with grab-irons or hand-holds was properly decided by the jury was also a question of fact, and is not open to review in this court.

It appeared in the proof the receiver was operating a line of railway from East St. Louis, in the State of Illinois, to Indianapolis, in the State of Indiana, and that the car in question was placed in the train at East St. Louis and was to be transported or hauled to Indianapolis. The evidence tended to show that the train was loaded with stock and merchandise, and it is insisted the inference fairly arose the car was loaded either with stock or merchandise. The danger to brakemen which the Federal statute was designed to obviate is the same whether the car be loaded or empty. The statute applies not only to cars that are loaded, but to all cars, whether empty or loaded, which are being "used" in inter-State commerce. The court was not asked to define inter-State commerce to the jury, and we do not conceive the position of plaintiff in error to be correct that it was the duty of the court, acting on its own motion, to give an instruction of that character. If counsel for the receiver deemed it necessary that the jury should be enlightened on the point they should have asked such an instruction to be given by the court. *City of Chicago* v. *Keefe,* 114 Ill. 222; *Drury* v. *Connell,* 177 id. 43.

*Second*—The second ground of recovery was, that the receiver negligently permitted the switch and track where the defendant in error was injured to become and remain "slanting and sidling," and thereby rendered it an unsafe and dangerous place for the defendant in error to stand when in the discharge of his duties as a brake-

man, and by reason of such negligence the defendant in error could not hold his footing, but slipped and fell, and thereby his hand was caught between the bumpers of the cars. The argument in the brief in behalf of the plaintiff in error does not present or discuss any alleged error of law arising out of this branch of the case. Whether the condition of the switch or siding was well known to the defendant in error, or whether it was proven the switch or siding was "slanting or sidling," or that the statement or exclamation of the defendant in error made at the instant of receiving his injury indicated that his hand had been caught because of his own negligence or without the negligence of any one, are questions of fact only, and are in nowise preserved as questions of law for review in this court.

It is urged the court erred in giving instructions Nos. 4 and 7 at the request of the defendant in error. Instruction No. 4 is as follows:

"The court instructs the jury that if you believe, from the evidence, that the plaintiff, while in the employ of the defendant as freight brakeman and in the discharge of his duties as such brakeman, attempted to couple together two freight cars on the defendant's road, and in so doing used that care and caution for his own safety that the ordinarily careful man would have exercised, and if you believe, from the evidence, that the side-track where the cars were was slanting and sidling, and as a result thereof not a reasonably safe place to work, then and in that case, if you believe, from the evidence, that the plaintiff was injured, as charged in the declaration, as a result thereof, and that the unsafe condition of the track, if you believe, from the evidence, it was so unsafe, was caused by the defendant not exercising reasonable care to provide a reasonably safe track, it will be your duty to find for the plaintiff."

The instruction advised the jury that if they believed that certain facts specifically recited, being the facts

relied upon to constitute the negligence of the receiver, had been proven by the evidence, and further believed, from the evidence, that the plaintiff was injured, in the manner charged in the declaration, as the result of such negligence, their verdict should be for the plaintiff. The reference thus made to the declaration is not objectionable. *Chicago and Alton Railroad Co.* v. *Harrington*, 192 Ill. 9.

Prior to the submission of the case to the jury the defendant in error, by leave of the court, dismissed the suit as to the third and fourth counts of the declaration, and by like leave filed an additional count. It is urged instruction No. 4 was erroneous in failing to advise the jury that the allegations of the third and fourth counts of the declaration had been abandoned. The record does not disclose in what manner the declaration was amended under the order dismissing the third and fourth counts and giving leave to file an amended count. Therefore no error affirmatively appears and none can be presumed. On the contrary, the presumption that the proceedings were regularly and properly conducted must prevail.

The purpose of the seventh instruction was to advise the jury the defendant in error, as an employee of the receiver, did not assume the risks of dangers arising out of the negligence of the employer. Though perhaps not entirely accurate, the instruction in substance announces the doctrine laid down by this court in *Chicago and Alton Railroad Co.* v. *House*, 172 Ill. 601, as follows (p. 605): "An employee does not assume all the risks incident to his employment, but only to such as are usual, ordinary and remain so incident after the master has taken reasonable care to prevent or remove them, or if extraordinary, such as are so obvious and expose him to danger so imminent that an ordinarily prudent and careful man would anticipate injury as so probable that in view of it he would not enter upon or remain in the employment."

The judgment must be and is affirmed.

*Judgment affirmed.*