### American Brake Shoe & Foundry Company v. William Hank.

#### Gen. No. 12,710.

1. DECLARATION—*how advantage of filing of additional counts to,
without leave, should be availed of.* Where additional counts
have been filed to a declaration without leave of court previously
obtained, a motion to strike should be made.

2. ASSUMED RISK—*when doctrine of, does not apply.* The doc-
trine of assumed risk does not apply where the servant performs
work outside of his usual duties under the command of his fore-
man without knowing that he is incurring any special risk.

Action in case for personal injuries. Appeal from the City Court
of Chicago Heights; the Hon. HOMER ABBOTT, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1905.
Affirmed. Opinion filed October 23, 1906.

Statement by the Court. This is a suit to recover
for personal injuries. The facts seem to be undis-
puted. Appellee was employed in the foundry of
appellant, engaged in lining converters. The day of
the accident one of the oil pipes conveying crude oil
used as fuel was in some way broken and considerable
of the oil ran over the floor and leaked into the pit
under one of the converters, which last was filled or
about to be filled with melted iron. The purpose of
the pit was to receive a large ladle into which the

molten metal could be poured from the converter. Appellee was sent by the foreman to get a man to fix the oil pipe, did so and then returned to his work.   It was no unusual thing for some of the oil to get into a pit, but on this occasion more than usual accumulated there.   It appears that too much iron had been put into the converter, and the foreman finding it necessary to remove some of it, directed appellee with another man named Ryan to hold a smaller ladle over the pit, in order that some of the surplus iron in the converter could be poured into it.   This was done by tipping the converter forward, using levers which operated by means of compressed air. The converters were hung on trunnions to enable them to be so tipped.   Appellee and Ryan held the ladle as directed.   It had long handles extending on opposite sides and would contain about 200 pounds of iron.   The foreman gave the signal to the man operating the lever, and the converter was tipped forward, so that the surplus melted iron ran into the ladle. When the ladle was full, the foreman gave the signal to tip the converter back into its upright position. For some reason not shown in the evidence the converter failed to respond and instead of righting itself, it kept falling, and the molten metal overflowed the ladle into the pit, setting fire to the oil which had leaked down and accumulated there.   The flame sprang up apparently about six feet and burned the hand of Ryan, who jumped away, letting go of the handle of the ladle.   The effect was, as appellee states it, "I got a jar and that overbalanced me and I couldn't help but fall into the pit."   Ryan says that he supposed appellee had let go of the handle at the same time he did, but that "when I recovered myself I saw Hank crawling out of the pit."   Appellee was badly burned about the face, neck, arms and hands, and brought suit to recover for his injuries.   Judgment in his favor was entered, from which this appeal is prosecuted.

HORTON & BROWN, for appellant.

B. J. WELLMAN, for appellee; ARTHUR A. HOUSE, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The original declaration contained two counts. An additional count appears to have been filed upon the day the verdict was rendered, it is said, without leave of court first obtained. Four days after, an order appears of record, giving leave to file additional counts.

It is urged in behalf of appellant that the additional count filed without leave first obtained should not be regarded as a part of the record, and that final judgment should not have been entered without a plea to such additional count first filed or an issue made thereon. On the face of the record the count in question appears to have been filed before verdict. It recites that leave of court was "first had and obtained." It appears that leave was obtained to file additional counts, although the order does not appear to have been entered until four days after the count in question had been filed. The order was, however, notice to the defendant, if brought to its attention, that plaintiff intended to file such additional count, and it was open to appellant to move to strike it from the files. Nothing of this kind was done, nor so far as appears was attention of the trial court ever called to the alleged error, either on the motion for a new trial or by motion in arrest of judgment. Nor is the point raised here by any assignment of error. We are inclined, however, to agree with appellee that the additional count is in the main but a restatement of the two original counts, and that at least after verdict these counts must be deemed sufficient.

It is argued that "where a servant is temporarily

engaged in more hazardous work than that for which he was employed, he takes upon himself all such risks incident to the work as are equally open to the observation of himself and the master'' (Consolidated Coal Co. v. Haenni, 146 Ill. 614-625); and that in this case appellee was equally cognizant with appellant's foreman, or ought to have been, of the presence of oil in the pit and of the fact that it was liable to be ignited if brought in contact with molten metal. It is true appellee in common with the other workmen was aware that small quantities of oil sometimes got into the pits apparently in the course of its ordinary use as fuel, and that this was liable to be ignited by melted iron. It does not, however, appear that any large quantity had ever before gotten in, nor that appellee knew or ought to have known that any such considerable quantity had leaked in from the broken oil pipe. In the case last above cited it is said: ''It is when the servant works with defective machinery, knowing it to be defective or dangerous, that he assumes the risks incident to its use. Not only the defects, but the dangers must be known to him.'' The master or foreman placed in charge of and conducting a manufacturing business will be presumed to know and to be familiar with the dangers latent and patent ordinarily accompanying the business. In the case at bar the foreman knew of the danger which it may be for the moment he overlooked. He admits that he ''knew how much oil there was in the pit. I knew there was considerable oil there;'' whereas it appears from appellee's testimony that the latter ''didn't see the oil around there, simply from the fact that I didn't pay any attention to it. I didn't know whether any oil escaped into the pit or not.'' The accident occurred at about half after four o'clock in November. ''It was dark in there at the time and a person had to look pretty good to see whether there is any oil there at that time or not.'' Appellee states

that he had not seen the oil running from the broken pipe, and that when sent to get a man to fix it, he left right away and saw no more of it. It is to be remembered that there is no dispute as to these facts, no conflict in the evidence. We are unable to find evidence tending to show contributory negligence on the part of appellee. He obeyed the order of the foreman, unconscious that by so doing he was incurring the special danger in consequence of which he was injured. "An employe does not assume all the risks incident to his employment, but only such as are usual and ordinary, or, if extraordinary, such as are so obvious and expose him to danger so imminent that an ordinarily prudent and careful man would anticipate injury as so probable that' in view of it he would not enter upon or remain in the employment." Malott v. Hood, 201 Ill. 202-207. He has a right to presume that he will not be carelessly and negligently exposed to unusual risks, that is, risks not necessarily resulting from his occupation and avoidable in the use of ordinary care and caution by the employer. Alton Paving Brick Co. v. Hudson, 176 Ill. 270-273. When ordered, as appellee was in this case, to do certain work, he was not required to stop and consider whether he would be exposed to special danger in doing it. He had a right to assume that he would not be ordered into such danger. It was not contributory negligence on his part to obey such order, having no knowledge of the danger of so doing. Ill Steel Co. v. McFadden, 196 Ill. 344; Pressed Steel Car Co. v. Herath, 207 Ill. 576-581.

Complaint is made of certain instructions given and of the refusal of others. We have considered these objections. No useful purpose would be served by quoting the instructions in full. It must suffice to say that we find no serious error in the fifth instruction given at request of appellee. The italicized portion, to which objection is made, is in substance a mere

repetition of what goes before.   Inasmuch as it is undisputed that appellee was acting under the express order of the foreman in holding the ladle over the pit and was ignorant of the danger, no question as to whether he was exercising proper care for his own safety is involved.   It was not erroneous, therefore, to refuse appellant's fifth instruction.

Finding no material error, the judgment must be affirmed.

*Affirmed.*