## Francis H. Colehour v. Rockford & Interurban Railway Company.

### Gen. No. 4,722.

1. DEGREE OF CARE—*required of minor.* The same degree of care
is not required of a child of ten as is required of an adult. The age
and discretion of the child is to be considered. The degree of
care required of such child is such as might be reasonably ex-
pected of one of the age and intelligence of such minor.

Action in case for personal injuries. Error to the Circuit Court
of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presid-
ing. Heard in this court at the October term, 1906. Reversed and
remanded. Opinion filed March 13, 1907.

E. P. LATHROP, ROBERT LATHROP and CHARLES W.
FERGUSON, for plaintiff in error.

FISHER & NORTH and R. K. WELSH, for defendant in
error.

MR. JUSTICE WILLIS delivered the opinion of the
court.

This was an action on the case by plaintiff in error,
Francis H. Colehour, by Frank E. Colehour, his next
friend, against defendant in error, the Rockford &
Interurban Railway Company, brought in the Circuit
Court of Winnebago county to recover for personal
injuries claimed to have been sustained by plaintiff
by being run over by one of defendant's cars in a pub-
lic street in the city of Rockford. The declaration
contains five counts charging general negligence in
operating the car; violation of an ordinance requir-
ing a fender; negligence in not stopping or keeping

the car under control when it knew or ought to have known plaintiff was unconscious of the approach of the car; violation of an ordinance regulating speed; negligence in running car at a dangerous, excessive and uncontrollable rate of speed; and it averred that plaintiff, while in the exercise of due care for his own safety, was attempting to cross its tracks at the intersection of School street with Albert avenue and was struck by a car of defendant and had his leg crushed.  There was a plea of not guilty, a trial and verdict for the defendant in error, a motion for a new trial denied, and judgment against plaintiff in error for costs, and this writ of error is sued out to review the judgment.

It appears from the evidence that School street runs east and west in the city of Rockford and intersects Albert avenue at right angles.  The Church school is a public school situated one block north of School street and several blocks west of Albert avenue. Plaintiff, a boy of ten years, was a student at said school.  On the dismissal of the school in the afternoon of September 15, 1904, plaintiff, in company with another boy of about the same age named Mansfield, left the school and walked south to School street, then westerly along School street in the roadway on the northerly side of defendant's tracks, there being no sidewalks at or near the place of injury.  The traveled highway was on the northerly side of the tracks. There was a two-horse lumber wagon with high boards on the sides moving westerly along School street on the north side of the track and ahead of the car which struck the plaintiff.  Plaintiff and the Mansfield boy had been amusing themselves by hanging upon the rear end of the wagon, dropping back and then running up and hanging on again.  The car was moving in the same direction as the boys.  At Albert avenue the boys left the rear of the wagon and started southerly across School street on their way home.  The

Mansfield boy crossed safely in front of the car, but plaintiff was struck by the car and his leg was injured, and it was afterwards amputated above the knee. The weather was clear and bright, and the two boys had been for some time in full view of the motorman. The motorman testified that he saw the wagon a block ahead, and the boys before he reached them and before they started across the track; also that he left the waiting room five minutes late; that his running time was thirty minutes for the five mile loop, and that he was trying to make up time. The evidence on the rate of speed the car was running as it approached Albert avenue is conflicting. Some of the witnesses testified that the car was running between five and ten miles an hour and others that it was running between five and fifteen miles per hour.

Owing to the question of law raised by plaintiff's criticism of the instructions given by the trial court on the defendant's behalf, it will be unnecessary for us to determine whether the evidence supports the case laid in plaintiff's declaration; and in view of the ultimate result of this hearing, the evidence will be discussed only in so far as it is necessary for a decision of the question of law raised by plaintiff's assignment of errors.

Plaintiff contends that the instructions given for defendant, read as a whole, amount to a direction to find for defendant, and calls our attention particularly to the ninth and nineteenth of the series. The ninth reads as follows:

"The court instructs the jury that the defendant company was only bound to use ordinary care in regard to the matters charged against it in plaintiff's declaration. Although the plaintiff was a boy of but ten years of age, still the law is that the defendant company, as to the matters charged against it in plaintiff's declaration, owed him, the plaintiff, no greater degree of care than it owed to a man of full age."

The nineteenth reads as follows:

"The jury are instructed that it is their imperative duty to try this case and decide it precisely the same as they would if it were a suit between two individuals or two men. And the fact that the plaintiff is a boy and the defendant is a street railway company should make no difference whatever with the jury; nor should any sentiment or prejudice or any mere feeling of sympathy have any weight with the jury in deciding the issues. In considering the case the jury should look solely to the evidence and the facts and to the instructions of the court for the law of the case, and find their verdict accordingly without any reference to who is plaintiff and who is the defendant."

These instructions require as much care on the part of a child of ten years of age as one of mature years. A child can only exercise care and prudence equal to its capacity. It is true under the decisions of the Supreme Court of this state that the plaintiff, being ten years of age, is of the class known as *sui juris* and as such capable of contributory negligence; but that a child of ten years is held to the same degree of care as a person of mature years is not the law as we understand it. Hence the age and discretion of the child were proper subjects of inquiry by the jury. In Weick v. Lander, 75 Ill. 93, which was an action by a father as administrator for the wrongful killing of his son, twelve years of age, it is said: "It is not to be expected that a boy twelve years old will use the same degree of caution and care as a person of mature years, nor does the law require it. It was proper for the jury in passing upon the negligence of the deceased to take into consideration his age and experience." So in the City of Chicago v. Keefe, 114 Ill. 222, the deceased being a lad between ten and eleven years of age, an instruction given at the request of plaintiff limited the degree of care required of the deceased to such as from his age and intelligence under the circumstances in evidence was required. The phraseology was condemned, but it

was held that, inasmuch as it was in effect the same as if it had been limited to such care as might be expected of a person of his age and discretion, there was no substantial error in giving it; and it was further said, "The circumstances in evidence are always to be taken into consideration in such cases, and if the intestate exercised such care as under the circumstances might be expected from one of his age and intelligence, it was sufficient." These decisions state the law. Instructions nine and nineteen were clearly erroneous. They involved questions of fact within the province of the jury which should have been submitted to them under proper instructions and not ruled as a matter of law by the trial court, as was done.

Plaintiff's assignment of errors includes other instructions which we have examined and find subject to criticism, but owing to the defects in instructions nine and nineteen we deem it unnecessary to pass on the questions raised as to the other instructions except to add that in cases where the conflict in the evidence is as sharp as in the case at bar, and a verdict for either party possible, the instructions should be accurate. For the errors indicated in instructions nine and nineteen the judgment is reversed and the cause remanded.

*Reversed and remanded.*