## A. L. Chivers, Appellee, v. John Sigmund, Appellant.

### Gen. No. 5473.

1. EVIDENCE—*what not competent, to show condition of merchandise.* Testimony that cheese was not paid for but was returned because of its condition is not competent to establish such condition.

2. INTEREST—*when unreasonable and vexatious delay established. Held,* from the condition of the record in this case that the Appellate Court could not say that the jury were not justified in finding the plaintiff entitled to interest because of an unreasonable and vexatious delay of payment.

3. INSTRUCTIONS—*when incompleteness of oral, cannot be urged.* If the court by agreement has instructed the jury orally and after the conclusion of his instructions inquires, "Is there anything further that you want the jury instructed on?" to which the reply is made "I think that covers it," thereafter no complaint can be made that the court improperly failed to instruct the jury upon a particular issue.

Assumpsit.    Appeal from the Circuit Court of Du Page county; the HON. MAZZINI SLUSSER, Judge, presiding.    Heard in this court at the April term, 1911.    Affirmed.    Opinion filed October 13, 1911.

JOHN W. LEEDLE, for appellant.

CHARLES W. HADLEY, for appellee; J. J. SUTTON, of counsel.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

Plaintiff, who is a manufacturer of cheese at Columbus, Wisconsin, brought suit in assumpsit against the defendant, who is a commission merchant in Chicago, to recover a balance of $522.25 and $51.60 interest claimed to be due on a shipment of cheese. Plaintiff received a circular letter in June, 1908, from the defendant soliciting shipments of cheese, to which he replied that he was making "American Cheese Twins" and would sell if the price was right. The defendant replied stating that he could use 300 boxes of the cheese named by plaintiff and would like to have plaintiff make a price and he thought eleven cents would be about right. There was then a conversation between the parties over the telephone as the result of which 300 cheese were shipped by plaintiff from Columbus to the defendant in Chicago on June 25th, the cheese arriving in Chicago on June 27th.

Plaintiff claims that the cheese were to be delivered f. o. b. cars at Columbus, while the defendant claims the cheese were to be delivered in Chicago and that the plaintiff guaranteed the cheese to be all number one. A cheese inspector of the defendant testified that he inspected the cheese in Chicago the latter part of June; that he went through and graded the entire consignment of cheese; that he picked out what he thought was number one and what he thought was not number one, and made a memorandum and report in writing to his employer. The defendant subsequently on July 2nd, July 7th and July 20th wrote letters to the plaintiff asking him to consent to have the cheese graded, although he had had it graded in June but gave the plaintiff no information as to the grading or the report of his inspector. The defendant on July 2nd, after he had received and inspected the first purchase, also bought a second lot of 139 boxes of cheese from the defendant "at eleven cents straight," and over which there is no controversy. The defendant failing to pay

for the cheese plaintiff placed the claim with an attorney for collection. Afterwards the attorney with whom the claim had been placed for collection visited the defendant when the defendant claimed that the plaintiff was owing him. The attorney replied that if the defendant was owing him ''Let us see how your account stands,'' the defendant replied, ''You can go to H—l,'' and on July 22nd the defendant wrote a letter to the attorney in which he used the phrase ''Why in H—l he should hesitate to have this first shipment of cheese graded we cannot understand.'' On July 22nd defendant remitted $2,500 which paid for all of the last shipment and part of the first shipment. On September 15, defendant sent a statement to plaintiff claiming a balance due defendant of ninety-four cents. The case was tried before a jury and a verdict returned for the full amount claimed, on which judgment was rendered. The defendant appeals.

Appellant assigns for error that the court erred in permitting the plaintiff to prove that he had shipped 50 boxes of cheese a week to Tennessee for sixteen years. We do not see how this was in any way material to the issue tried. He had testified that he had been a manufacturer of cheese for 30 years. While the evidence objected to was not material its admission was harmless error.

Appellee offered to prove on the trial that, within a month from the receipt of the cheese, he had sold part of it to A. H. Webber and Co., South Water St., Chicago, and they refused to pay for it and returned it on account of its condition. This the court refused to admit, but stated to the appellee that it was competent to show by proper evidence what was the condition of the cheese or that it was unmerchantable. The evidence offered was not proper to show the condition of the cheese, but it was competent for parties who saw the cheese to testify to its condition, but such

evidence was not offered; there was no error in the ruling of the court sustaining the objection.

The jury returned a verdict for the amount of the balance due on the shipment with interest. There can be no recovery for interest in this character of a case except for unreasonable and vexatious delay of payment. On the trial counsel for appellee asked counsel for appellant, ''Is there any dispute about what we claim is due?'' Counsel for appellant replied, ''No, I think not.'' Whereupon counsel for appellee stated, ''Then it is stipulated that if there is any due us on this account, our claim is that there is due us the sum of $573.85.'' While this, when carefully read, is not a stipulation, that if there is anything due on the account it is the sum of $573.85, yet the jury may have determined that to be the purport of the stipulation. There was much correspondence between the parties offered in evidence. We cannot say upon a careful consideration of all the evidence that the jury were not justified in finding the appellee entitled to interest because of an unreasonable and vexatious delay of payment. Unless there is error of law requiring a reversal of the case, we would not be justified in disturbing the finding of the jury on a question of fact which has been approved by the trial court.

It was agreed by both parties that the court might instruct the jury orally. After the court had instructed the jury orally the question was asked, ''Is there anything further that you want the jury instructed on?'' Counsel for appellant replied, ''I think that covers it.'' The appellant now assigns for error that the court failed to instruct relative to what the appellant claimed was a new agreement concerning the cheese after it arrived in Chicago. There is no exception to the instructions given neither was there any request for any further instruction. The appellant is not in a position to question either the correctness of

the instruction given or the omission now complained of. Appellant is precluded from insisting upon this assignment of error. Bruen v. People, 206 Ill. 417; Williams v. People, 164 Ill. 481; Hefling v. Van Zandt, 162 Ill. 162; Malott v. Hood, 201 Ill. 202; Thode v. Schoenhofen Brewing Co., 69 Ill. App. 403.

There is no reversible error in the case and the judgment is affirmed.

*Affirmed.*